IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CR-119-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JAMES ARTHUR JUDD | ) | |

This matter is before the Court on defendant's *pro se* letter motion [DE 36] for appointment of new counsel. For the reasons stated herein, defendant's motion is denied.

Though the Sixth Amendment to the United States Constitution gives all defendants the right to effective assistance of counsel, that right is not unqualified. *United States v. Gallop*, 838 F.2d 105, 107 (4th Cir. 1988). "An indigent defendant . . . can demand a different appointed lawyer only with good cause." *Id.* In analyzing Mr. Judd's request, the Court considered the following factors: (1) timeliness of the motion; (2) inquiry into the reasons why defendant wishes for new counsel; and (3) whether the purported conflict between defendant and his attorney is so great that it has resulted in a total lack of communication, thereby preventing an adequate defense. *Gallop*, 838 F.2d at 108. Though Mr. Judd's motion is made well before trial, the other two factors weigh against appointing new counsel. Mr. Judd's rationale for appointment of new counsel, that he "need[s] a Jewish lawyer because [he] feel[s] discrimination," is outlandish. Mr. Judd provides no support for the "evidence tampering" that he alleges is taking place, and his references to the admissibility of hearsay statements are similarly unpersuasive. Accordingly, the Court concludes that good cause does not exist for appointment of new counsel and denies Mr. Judd's motion.

## CONCLUSION

For the foregoing reasons, defendant's motion for new counsel [DE 36] is DENIED.

SO ORDERED, this 28 day of October, 2018.

*Terrence W. Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

2