IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CR-119-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| JAMES ARTHUR JUDD | ) | |

This matter is before the Court on defendant's *pro se* letter motion [DE 48] to withdraw his plea and obtain new counsel or proceed *pro se*. For the reasons stated herein, defendant's motion is denied.

Federal Rule of Criminal Procedure 11(d)(2)(B) allows a defendant to withdraw his guilty plea upon showing that "a fair and just reason" exists to support the withdrawal. The right to withdraw the plea, therefore, is not an absolute right and is "entrusted to the discretion of the district court." *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). Six factors are considered by courts in determining whether a defendant has met his burden under Rule 11(d): "(1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources." *Id.* Upon review of these factors, defendant has not met his burden to show a fair and just reason to withdraw his plea. His reliance on *Clark v. Sessions*, 336 F. Supp. 3d 535 (W.D. Pa. 2018), is unavailing, as that case involved a challenge to the constitutionality of 18 U.S.C. §

922(g)(1) as it was applied to the defendant in that action, and certainly does not render 18 U.S.C. § 922 facially unconstitutional.

Though the Sixth Amendment to the United States Constitution gives all defendants the right to effective assistance of counsel, that right is not unqualified. *United States v. Gallop*, 838 F.2d 105, 107 (4th Cir. 1988). "An indigent defendant . . . can demand a different appointed lawyer only with good cause." *Id.* In considering such requests, courts weigh the following factors: (1) timeliness of the motion; (2) inquiry into the reasons why defendant wishes for new counsel; and (3) whether the purported conflict between defendant and his attorney is so great that it has resulted in a total lack of communication, thereby preventing an adequate defense. *Gallop*, 838 F.2d at 108. Defendant has not shown that good cause exists for appointment of new counsel and denies defendant's motion.

## CONCLUSION

For the above reasons, defendant's motion to withdraw his guilty plea and obtain new counsel [DE 48] is DENIED.

SO ORDERED, this 14 day of February, 2019.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE

2